UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMOTHY A. ASKEW,<br><br>        Plaintiff,<br><br>    v.<br><br>SGT. DAVID LINDSEY, *et al.*,<br><br>        Defendants. | No. 19-CV-1958 (KMK)<br><br>ORDER OF DISMISSAL |

KENNETH M. KARAS, United States District Judge:

  Timothy A. Askew ("Plaintiff"), appearing pro se, brings this action under 42 U.S.C. §1983 against Sgt. David Lindsey ("Lindsey"), P.O. Emmanuel Leon-Martinez ("Leon-Martinez"), P.O. George Mendez ("Mendez"), Stacey Walker ("Walker"), and Sullivan County District Attorney James R. Farrell ("Farrell"; collectively, "Defendants"), alleging that Defendants violated his civil and constitutional rights in retaliation for his filing a lawsuit. (*See* Am. Compl. (Dkt. No. 17).) Plaintiff filed his Complaint on March 1, 2019. (Compl. (Dkt. No. 2).) The Complaint asserted a claim of false arrest, conspiracy, retaliation, and malicious prosecution. (*Id.*) By order dated July 12, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP"). (Dkt. No. 4.) On August 22, 2019, the Court issued an Order To Show Cause, ordering Plaintiff to show cause by September 9, 2019 as to why his Complaint should not be dismissed for failure to state a claim. (Dkt. No. 6.) On the same date, Plaintiff's application for the Court to request appointment of pro bono counsel, dated August 14, 2019, was docketed. (Dkt. Nos. 7, 8.) The Court denied Plaintiff's request. (Dkt. No. 9.) On September 6, 2019, Plaintiff submitted an unsigned Order To Show Cause. (Dkt. No. 10.) The Court endorsed this submission, directing Plaintiff to file an amended

complaint by October 10, 2019. (Dkt. No. 11.) On December 12, 2019, the Court issued an Order To Show Cause, requiring Plaintiff to show cause within 30 days as to why his case should not be dismissed for failure to state a claim and for failure to prosecute. (Dkt. No. 13.)[1] On January 29, 2020, the Court dismissed Plaintiff's case for failure to prosecute. (Dkt. No. 14.) By letter dated February 10, 2020, Plaintiff requested that the Court vacate its Order of Dismissal because Plaintiff responded to the Court's first Order To Show Cause and had not received its second Order To Show Cause. (Dkt. No. 15.) The Court granted this application, (Dkt. No. 16), and Plaintiff filed his Amended Complaint, (Am. Compl.). For the reasons set forth below, Plaintiff's Amended Complaint is *sua sponte* dismissed in its entirety with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court must dismiss an IFP complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court determines that it lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (citation and emphasis omitted). In reviewing a pro se complaint, the court must be mindful that the plaintiff's pleadings should be held to "less

---

[1] The Court issued a prior Order To Show Cause on October 29, 2019. (Dkt. No. 12.) However, because it appears that this Order To Show Cause was inadvertently not mailed to Plaintiff, the Court omits it from the relevant procedural history.

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (same).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make "a short and plain statement showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). When ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). The Court, however, is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (citation and quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Specifically, the plaintiff must allege facts sufficient to show "more than a sheer possibility that a defendant has acted unlawfully," *id.*, and if the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed," *Twombly*, 550 U.S. at 570.

The Court assumes familiarity with the factual allegations outlined in its earlier Order To Show Cause. (*See* Dkt. No. 6.) Apart from removing some defendants and some claims, the only substantive difference between Plaintiff's Complaint and Amended Complaint is that the Amended Complaint alleges that Leon-Martinez maliciously lied on June 27, 2019 regarding a statement given by Plaintiff. (Am. Compl. 3). In all other respects, Plaintiff alleges facts materially identical to those contained in the original Complaint. (*See generally id.*) As the

3

Court noted regarding Leon-Martinez's alleged false testimony on January 24, 2019, (Compl. 4), in its Order to Show Cause, (Dkt. No. 6 at 12), trial court witnesses, including law enforcement officers, are absolutely immune from 1983 liability for damages for their testimony, even if their testimony was false, *see Rehberg v. Paulk*, 566 U.S. 356, 372 (2012) ("It would . . . be anomalous to permit a police officer who testifies before a grand jury to be sued for maliciously procuring an unjust prosecution when it is the prosecutor, who is shielded by absolute immunity, who is actually responsible for the decision to prosecute."). Even if Leon-Martinez lied at trial, "[w]itnesses, including police officers, are absolutely immune from liability based on false testimony at trial." *Murray v. Guzman*, No. 19-CV-1959, 2019 WL 1745744, at *4 (S.D.N.Y. Apr. 17, 2019). Thus, this change does not suffice for Plaintiff to state a claim.

     For the reasons stated above, Plaintiff's Amended Complaint is dismissed with prejudice. Even pro se plaintiffs are not entitled to amend a complaint if the complaint "contains substantive problems such that an amended pleading would be futile." *Lastra v. Barnes & Noble Bookstore*, No. 11-CV-2173, 2012 WL 12876, at *9 (S.D.N.Y. Jan 3, 2012). Here, "Plaintiff has already had two bites at the apple, and they have proven fruitless." *Melvin v. County of Westchester*, No. 14-CV-2995, 2016 WL 1254394, at *24 n.19 (S.D.N.Y. Mar. 29, 2016) (citation and alterations omitted); *see also Al-Qadaffi v. Servs. for the Underserved*, No. 13-CV-8193, 2015 WL 585801, at *8 (S.D.N.Y. Jan. 30, 2015) (denying leave to amend where the plaintiff "has already had one chance to amend his [c]omplaint, and there is still no indication that a valid claim might be stated if given a second chance"), *aff'd*, 632 F. App'x 31 (2d Cir. 2016). The Court finds that further amendment on Plaintiff's failure to release claims would be

4

5

futile. The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff, and to close this case.

SO ORDERED.

Dated: July 21, 2021
      White Plains, New York

                                              KENNETH M. KARAS
                                          United States District Judge